# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIPELAGO LIGHTING INC., | Civil Action No. 5:16-cv-02173-JFW-SP |
| Plaintiff, | |
| v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| YANKON LIGHTING, INC., ZHEJIANG YANKON GROUP CO., LTD., ENERGETIC LIGHTING, INC., and Does 1 through 10, Inclusive, | |
| Defendants. | |

# STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff Archipelago Lighting Inc., ("Archipelago") and Defendant Zhejiang Yankon Group Co., Ltd., ("Yankon Group") and hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information; and

**WHEREAS**, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

**THEREFORE**, the Parties hereby stipulate to the following protective order:

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 4.10, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

Given that this Action was brought alleging misappropriation of various designs, art, packaging and other unfair trade and business practices, this Action is likely to involve trade secrets, customer and pricing information, and other valuable research, development, commercial,

financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential or trade secret art and designs, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third-parties and non-parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>SCOPE OF PROTECTIVE ORDER</u>

This Protective Order is intended to protect materials that each Party may designate as confidential for protection under this Order, which includes in whole or in part, any document, information or material that constitutes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

The protections conferred by this Stipulation and Order cover not only "Protected Material" (as defined above), but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial. See <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery based from the "compelling reasons" standard when merits-related documents are part of court record).

3. <u>DURATION OF PROTECTIVE ORDER AND FINAL DISPOSITION</u>

The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court.

The Parties agree that within thirty (30) days of final termination of this Action, including any appeals, all Protected Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the foregoing, outside counsel for the Parties are permitted to retain one (1) working copy of all pleadings and discovery containing any Protected Material.

4. <u>DESIGNATION AND USE OF PROTECTED MATERIALS</u>

4.1 <u>Manner of Designation</u>. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party

-4-

or a Third-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The phrase "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the phrase "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

With respect to Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY", subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Material shall also be considered Protected Material and treated as such under this Order.

4.2 <u>Timing and Inadvertent Disclosures</u>. A designation of Protected Material may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without corresponding designation may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.

The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. Designating Party shall, upon request of the Receiving Party, specifically identify the confidential portions of any pleading or other document filed under seal with the Court, written discovery response, or any exhibits thereto, or alternatively provide the Receiving Party with a redacted non-confidential version thereof. The Designating Party shall have five (5) business days to comply with such a request.

4.3 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, upon prior order of the Court, or as set forth in paragraph 4.8 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as **Appendix A** hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least five business (5) days before access to the Protected Material is to be given to that consultant, to provide an opportunity for the Producing Party to notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may apply to the Court within ten (10) business days of the notice objecting to disclosure of Protected

-6-

Material to the consultant or expert, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. **The Parties must comply with the Federal Rules of Civil Procedure and the Local Civil Rules, including, without limitation, Local Civil Rule 37, which requires the parties to meet and confer and file a joint stipulation, among other things.** The objecting Party shall have the burden of proving the need for a protective order. Provided that the objecting Party has filed a timely motion for a protective order, no disclosure shall occur until all such objections are resolved by agreement or Court order. If the objecting Party does not file a motion for a Protective Order within such ten business day period (or such other period as agreed by the parties in writing), the objection to the expert or consultant is waived;

    (d) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

    (e) the Court and its personnel.

    (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    (g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

4.4    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. A Party shall designate documents, information or material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents, information or material contains

confidential or proprietary information or trade secrets of the Party or a Third-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.5     Protected Material shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified Protected Material and subject to all of the terms and conditions of this Order.

4.6     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in

this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and also applies to all documents and materials produced prior to entry of this order.  For the avoidance of doubt, the provisions of this paragraph do not relieve the parties of their obligations to prepare a full and accurate privilege log with respect to their document productions.  Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) of such documents, information or other material and providing a privilege log for the documents, information or other material within ten (10) business days of such notification.  The recipient(s) shall gather and destroy all copies of such documents, information or other material and certify such to the producing Party within five (5) business days of such notification.  For the avoidance of doubt, any such documents may not be used by the receiving Party for any purpose.

4.7 There shall be no disclosure of any Protected Materials by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties must safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. **Nothing in this Order is intended or should be construed as authorizing or encouraging a party to disobey a lawful subpoena or order or other legal process issued by this or any other Court.**

In the event that a Party is served with a subpoena or Court order issued in other litigation that compels disclosure of Protected Materials designated in this Action, that Party must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

  4.8  Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who: (i) is eligible to have access to the Protected Material by virtue of his or her employment with the designating party, (ii) is identified in the Protected Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (iv) is a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) is outside counsel for a Party; (vi) is an independent contractor, consultant, and/or expert retained for the purpose of this litigation who has complied with the provisions set forth in Paragraph 4(c); (vii) are court reporters and videographers; (viii) is the Court; or (ix) are other persons entitled hereunder to access to Protected Material.  Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

  4.9  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as

"CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.

4.10     If any Party seeks to file or lodge any Protected Material with the Court, that Party shall apply to the Court for approval to file such Protected Material under seal, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules.  In particular, the Parties shall follow the procedures set forth by Local Civil Rule 79-5.2, and Federal Rules of Civil Procedure 5.2 and 26.  The filing Party will be responsible for applying to the Court and submitting a declaration explaining why the documents should be filed under seal.  Once the filing Party obtains the necessary approval of the Court to file the Protected Material under seal, the filing Party shall electronically file the Protected Material under seal using CM-ECF and denote that it is "FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER" above the caption and conspicuously on each page of the Protected Material.  Exhibits to a filing which contain Protected Materials shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

4.11     Each outside consultant or expert to whom Protected Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as **Appendix A**.

5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time before the discovery cutoff date.

5.2     Meet and Confer and Challenge.  A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn.  If the designating Party does not agree to re-designation within five (5) business days of receipt of the written request, the requesting Party may apply to the Court for relief, subject to the procedures required by the Federal Rules of Civil Procedure and Local Civil Rules, in particular, the dispute resolution process under Local Civil Rule 37-1, et seq.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained. **The challenging Party must comply with the Federal Rules of Civil Procedure and the Local Civil Rules, including, without limitation, Local Rule 37.**

5.3     Unless the Designating Party has withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.     MISCELLANEOUS PROVISIONS

6.1     Inadvertent Production of Privileged or Protected Materials.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion, pursuant to all applicable Federal Rules of Civil Procedure and Local Civil Rules, including, without limitation, Local Civil Rule 37, which requires the parties to meet and confer and file a joint stipulation, among other things, at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

When a producing Party gives notice to receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

6.2     No Publication. Production of Protected Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

6.3     Right to Assert Other Objections. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

6.4     Violation of Protective Order. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances, pursuant to all requirements of the Federal Rules of Civil Procedure and Local Civil Rules, including, without limitation, Local Civil Rule 37, which requires the parties to meet and confer and file a joint stipulation, among other things. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

6.5     Right to Further Relief.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Material, subject to the requirements of the Federal Rules of Civil Procedure and Local Civil Rules regarding the filing of such motions.

Dated:  January 2, 2019         By:  /s/ John D. Spurling
                                John D. Spurling
                                SHUMENER, ODSON & OH LLP
                                John D. Spurling
                                550 S Hope St #1050
                                Los Angeles, California 90071
                                Tel: 213.344.4200
                                Fax: 213.344.4194

                                And

Dated:  January 2, 2019         By:  /s/ Trent S. Dickey
                                SILLS CUMMIS & GROSS P.C.
                                Trent S. Dickey (admitted *pro hac vice*)
                                One Riverfront Plaza
                                Newark, New Jersey 07102-5400
                                Tel: 973.643.7000
                                Fax: 973.643.6500

                                *Attorneys for Defendant Zhejiang Yankon Group Co., Ltd.*

Dated:  January 2, 2019         By:  __/s/ Elizabeth Yang_____
                                Elizabeth Yang
                                Law & Mediation Offices of Elizabeth Yang
                                199 W. Garvey Ave., Suite 201
                                Monterey Park, CA 91754
                                Telephone: (877) 492-6452
                                Facsimile: (877) 492-6452
                                Email: elizabeth@yanglawoffices.com
                                *Attorneys for Plaintiff Archipelago Lighting, Inc.*

## Local Rule 5-4.3.4 Attestation:

I attest that Elizabeth Yang and Trent S. Dickey concur in the filing's content and have authorized the filing.

DATED: January 2, 2019                  */s/ John D. Spurling*
                                        ————————————————

**IT IS SO ORDERED and SIGNED this** __9th__ **day of** __January__ **, 2019.**

                                        ————————————————
                                                HON. SHERI PYM
                                        UNITED STATES MAGISTRATE JUDGE